**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RIENEKE E. FARROW**                                                       **CIVIL ACTION**

**VERSUS**                                                                         **NO. 15-7148**

**AMMARI OF LOUISIANA, LTD.**                                      **SECTION "B"(3)**

**ORDER AND REASONS**

Before the Court is Plaintiff Rieneke Farrow's ("Plaintiff" or "Farrow") "Motion to Certify a Collective Action Pursuant to § 216(b) of the FLSA and to Approve a Proposed Notice to all Putative Collective Action Members." Rec. Doc. 11. Defendant, Ammari of Louisiana, Ltd. d/b/a Creole Cuisine Restaurant Concepts ("Defendant" or "Ammari"), timely filed an opposition memorandum. Rec. Doc. 15. Thereafter, the Court granted leave for Plaintiff to file a reply and for Defendant to file a sur-reply. Rec. Docs. 19, 22. For the reasons outlined below,

**IT IS ORDERED** that the Motion is **DENIED**.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of Farrow's employment as a waiter at various restaurants owned and operated by Ammari. Farrow filed this suit on behalf of herself and all others similarly situated under the Fair Labor Standards Act ("FLSA") and other state laws for, among other things, unpaid minimum wages, overtime wages, and tips. Rec. Doc. 1 at 2. She claims the Defendant violated the

1

FLSA's minimum wage provisions by not informing employees in advance that a tip credit would be applied and by not permitting employees to retain all of the tips they received. *Id*. at 5-6. Further, Farrow alleges that Defendant improperly calculated her and other employees' overtime pay rate. *Id*. at 7-8. Finally, she claims that Defendant had a policy of unlawfully deducting wages from its employees for mistakes and customer walkouts. *Id*. at 8. Plaintiff claims that approximately fifty other current and former waiters suffered from the same unlawful conduct and thus seeks conditional certification of a collective action. *Id*. at 4; Rec. Doc. 11 at 2-5.

## II.   **THE PARTIES' CONTENTIONS**

Plaintiff's motion seeks: 1) conditional certification of this matter as a collective action; (2) approval of the proposed Notice to be sent to potential class members; (3) an order requesting defendants to produce the names, addresses, telephone numbers, and dates of employment of all potential collective action members; and (4) an order requiring defendants to post copies of the Notice in prominent locations within its restaurants; and (5) an order prohibiting retaliation against potential opt-in plaintiffs. Rec. Docs. 11 at 1-2, 11-1 at 15. In support of the motion for certification, Plaintiff points to her complaint, her personal affidavit, and a copy of her paystub to demonstrate that there are similarly situated individuals and that the Defendant's

2

policies had the same general effect on all those similarly situated, not just Plaintiff. *See* Rec. Doc. 11-1 at 10-11. As such, Plaintiff claims that the standard for conditional certification is met.

In opposition, Defendant maintains that conditional certification must be denied because Plaintiff has failed to prove that she is similarly situated to other individuals in the purported class and that the present action arises from a generally applicable rule, policy, or practice. Rec. Doc. 15 at 1. Additionally, in the event that the Court conditionally certifies the collective action, Defendant argues that Plaintiff's proposed notice is inappropriate for eight separate reasons. *Id*. at 11-17. Accordingly, Defendant urges the Court to deny Plaintiff's motion.

Plaintiff's reply memorandum attempts to controvert Defendant's arguments by claiming that she has sufficient knowledge of Defendant's business practices to know that there are others similarly situated. Rec. Doc. 19 at 3. Farrow also includes a copy of a Facebook post allegedly made by the Defendant discussing hiring of new employees, which is seemingly meant to support Farrow's allegation that all of Defendant's restaurants are governed by the same policies. *Id*. at 3-4. Defendant's sur-reply reasserts prior arguments and attacks those set forth in Plaintiff's reply. Rec. Doc. 22.

## III. LAW AND ANALYSIS

The FLSA permits employees to maintain an action on behalf of themselves and others similarly situated, provided that the similarly situated employees only become plaintiffs if they opt-in to the litigation in writing. 29 U.S.C. § 216(b); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003). To determine whether to certify a collective action and thus send notice of the suit to potential opt-in plaintiffs, the majority of federal courts follow the two-step approach developed in *Lusardi v. Xerox Corporation*, 118 F.R.D. 351 (D.N.J. 1987). *See Mooney*, 54 F.3d at 1213-14; *Lima Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 797 (E.D. La. 2007). "Under *Lusardi*, the trial court approaches the 'similarly situated' inquiry via a two-step analysis." *Mooney*, 54 F.3d at 1213. The first step occurs at the notice stage. *Id*.

At this stage, the district court decides whether notice should be sent to potential class members. *Id*. To conditionally certify the class and have notice sent, the plaintiff must sufficiently establish that similarly situated potential plaintiffs exist by putting forth "substantial allegations showing 'putative class members were together the victims of a single decision, policy or plan infected by discrimination.'" *Stiles v.*

4

*FFE Transp. Servs, Inc.*, No. 09-1535, 2010 WL 935469, at *2 (N.D Tex. Mar. 15, 2010) (quoting *Aguilar v. Complete Landsculpture, Inc.*, No. 04-776, 2004 WL 2293842, at *2 (N.D. Tex. Oct. 7, 2004)). Due to the limited evidence available at this stage of the litigation, courts usually employ a "fairly lenient standard" that typically results in conditional certification of a representative class. *Mooney*, 54 F.3d at 1214. *See also Stiles*, 2010 WL 935469 at *2. Yet, "[w]hile the standard at this stage is 'not particularly stringent,' *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1213 (11th Cir. 2001), it is by no means automatic." *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007).

Courts typically base their decision whether to conditionally certify the action on the pleadings and any affidavits that have been submitted. *Mooney*, 54 F.3d at 1213-14. However, they also "look to such factors as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a wide spread discriminatory plan was submitted." *Stiles*, 2010 WL 935469 at *2 (quoting *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008)) (internal quotation marks omitted). As a practical matter, most district courts in this Circuit "require some factual basis to the plaintiff's allegations that a collective actions is warranted before granting notice and conditional certification." *Simmons v. T-Mobile USA, Inc.*, No. 06-1820, 2007 WL 210008, at * 4 (S.D. Tex.

5

Jan. 24, 2007). "Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *Jones v. Yale Enf't Servs., Inc.*, No. 14-2831, 2015 WL 3936135, at *1 (E.D. La. June 26, 2015) (quoting *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)).

In this case, Plaintiff claims she has satisfied the lenient standard for conditional certification because all the waiters at Defendant's restaurants are paid an hourly wage subject to the tip credit. Rec. Doc. 11-1 at 10. Further, she claims that they all share in the tip pool and are affected by Defendant's policies of retaining tips, unlawful deductions, and unlawful underpayment of overtime. *Id*. Farrow claims that these policies and practices were applied uniformly to all tips and waiters in all restaurants as evidenced by the paystubs she submitted with her complaint and the present motion. *Id*. at 11. However, the paystubs submitted by Plaintiff are only her personal paystubs from a single restaurant. They do not serve as evidence of any policy or practice applying to other individuals. Moreover, the affidavit submitted by Plaintiff is her own personal affidavit addressing Defendant's conduct specifically as it applied to her. Rec. Doc. 11-1 at 17-18. The paystubs and affidavit only provide factual support for her personal claim. Finally, the Facebook post included as an attachment to Plaintiff's reply memorandum does not support any of her allegations. It only serves to show that a Facebook account

6

appearing to belong to an employee of Defendant announced the opening of a new restaurant and a need for employees. *See* Rec. Doc. 19 at 7-10.

Farrow has failed to identify any other potential plaintiffs, failed to obtain affidavits from any potential plaintiffs, and failed to provide evidentiary support for the existence of a widespread plan or policy. The affidavit and pay stubs presented are purely personal and do not provide support for her claim that similarly situated individuals exist, leaving Plaintiff only with unsupported allegations of a widespread plan or policy affecting all waiters at Defendant's restaurants. Such bare allegations are insufficient to support conditional certification. *See Xavier v. Belfor USA Group, Inc.*, 585 F. Supp. 2d 873, 877 (E.D. La. 2008) ("[A]t least some evidence beyond unsupported factual assertions of a single decision, policy, or plan should be presented."); *Melson v. Directech Southwest, Inc.*, No. 07-1087, 2008 WL 2598988, at *3 (E.D. La. June 25, 2008) ("[A] showing that employees are similarly situated entails more than just a matching of job responsibilities.")

This Court has a "responsibility to refrain from stirring up unwarranted litigation" and to avoid unduly burdening employers with "frivolous fishing expedition[s]." *Lima*, 493 F. Supp. 2d at 799 (quoting *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007)). Thus, despite the lenient standard

7

applied to requests for conditional certification, this Court is bound to conclude that Plaintiff has failed to establish the existence of similarly situated employees.

## IV. CONCLUSION

For the reasons outlined above, this Court finds that conditional certification and notice are inappropriate in this case. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, this 25th day of May, 2016.

_____
UNITED STATES DISTRICT JUDGE